UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUG SHEEHAN,

    Plaintiff,

v.                                                   Case No.  8:16-cv-3257-T-24 AAS

RONALD JONES,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion to Remand.  (Doc. No. 6). Defendant opposes the motion.  (Doc. No. 7).  As explained below, the motion is granted.

**I. Background**

This lawsuit arises out of an automobile accident.  Plaintiff Doug Sheehan alleges that Defendant Ronald Jones negligently operated or maintained his vehicle, such that Defendant caused his vehicle to collide with Plaintiff's vehicle on February 9, 2014.  (Doc. No. 2).  Plaintiff filed suit in state court on April 18, 2016, and Plaintiff served Defendant on June 1, 2016.

Plaintiff does not allege in the complaint a specific amount of damages.  He does, however, allege that he is a citizen of Florida and that Defendant is a citizen of Canada.  Thus, while the complaint shows that the parties are diverse, it was impossible to determine from the face of the complaint whether the amount in controversy threshold was met for diversity subject matter jurisdiction.

On September 1, 2016, Defendant's counsel emailed Plaintiff's counsel asking for more detail about Plaintiff's injuries and treatments to date.  (Doc. No. 6-4).  Plaintiff's counsel responded by email the next day by attaching an October 19, 2015 pre-suit demand letter that

was sent to Defendant's insurance company that set forth Plaintiff's treatment, liens, bills, and wage loss. (Doc. No. 6-4).

The 2015 pre-suit demand letter details the injuries to Plaintiff's cervical spine and thoracic spine and the doctors' diagnoses and MRI results. (Doc. No. 6-5). The letter provides that one doctor has opined that Plaintiff has reached maximum medical improvement and has a permanent impairment rating of 5% as to his body as a whole. (Doc. No. 6-5). It also lists $27,642 in current medical expenses (plus other medical expenses that were currently pending), a worker's compensation lien of $35,715.22, past lost wages of $36,562, and future lost wages of $59,414 per year (he was found to be disabled by the Social Security Administration as a result of the accident) due to the difference between his Social Security Disability payments and his former salary. (Doc. No. 6-5). Additionally, the letter details future medical costs of over $220,000 for three recommended surgeries, plus pain management costing approximately $75,000 total for the next 25 years. (Doc. No. 6-5). The demand letter sent to defense counsel did not contain any attached medical bills or other supporting documentation.

On September 22, 2016, Defendant propounded interrogatories and requests to produce on Plaintiff, and on October 26, 2016 Plaintiff responded. Plaintiff's response included medical, billing, and tax records that substantiated the medical opinions and damage amounts set forth in the demand letter. On November 23, 2016, within 30 days after receiving Plaintiff's discovery response, Defendant removed the case to this court on the basis of diversity jurisdiction.

**II.  Motion to Remand**

Plaintiff moves to remand this case to state court, arguing that Defendant's removal was untimely, because it was not done within 30 days after receiving a copy of the pre-suit demand

letter on September 2, 2016. Defendant responds that the 30-day period was not triggered by the demand letter that did not attach the medical, billing, and tax records that substantiated the medical opinions and damage amounts set forth in the demand letter. Instead, Defendant argues that the 30-day period was not triggered until he received Plaintiff's discovery responses that contained such supporting documentation. As explained below, the Court agrees with Plaintiff that the removal was untimely.

The time period during which a timely notice of removal must be filed is set forth in 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . . [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Id. The parties in this case agree that the case was not immediately removable based on the complaint, because it did not specify the amount of damages sought. The parties also agree that removal in this case is based on the 30-day removal period being triggered by receipt by the defendant of other paper from which it may first be ascertained that the case became removable. The parties dispute, however, which "other paper" triggered the 30-day period—the September 2, 2016 email containing the 2015 demand letter or Plaintiff's October 26, 2016 discovery responses.

In Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007), the court stated the following regarding what constitutes "other paper":

> What constitutes "other paper," however, has been developed

3

> judicially. Courts have not articulated a single test for identifying "other paper," but numerous types of documents have been held to qualify. They include: responses to request for admissions, settlement offers, interrogatory responses, deposition testimony, demand letters, and email[s] estimating damages.

Id. at 1213 n.62 (internal citations omitted). Thus, based on Lowery, both the September 2, 2016 email containing the demand letter and Plaintiff's October 26, 2016 discovery responses would constitute "other paper." Given that both documents are "other paper," the earlier document—the September 2, 2016 email containing the demand letter—would be the triggering event for removal, because that would be the paper from which it may *first be ascertained* that the case was removable. See Golden Apple Management Co., Inc. v. Geac Computers, Inc., 990 F. Supp. 1364, 1369 (M.D. Ala. 1998)(rejecting the defendant's argument that the plaintiff's August discovery responses, not the earlier June settlement letter setting forth damages, triggered the 30-day removal period ); Callahan v. Countrywide Home Loans, Inc., 2006 WL 1776747, at *5 (N.D. Fla. June 26, 2006)(concluding that the plaintiff's post-suit email setting forth damages triggered the 30-day removal period).

Defendant argues that his post-suit receipt of the 2015 demand letter was not sufficient to trigger the 30-day removal period, because it did not contain sufficient evidentiary support. The Court disagrees, because the five-page letter was quite thorough in describing Plaintiff's injuries and the medical course that already had occurred and that was planned to occur. While the 2015 letter was a year old, and accepting Defendant's argument that Plaintiff's circumstances may have changed, the letter still showed at a minimum that he had more than $27,642 in past medical expenses (considering that there were additional medical expenses incurred but unknown at the time of the 2015 letter), lost wages of $36,562 prior to the 2015 letter, and at

least one year of lost wages since the letter (calculated at $59,414 per year). Thus, the letter provided that over $123,000 in damages had already occurred. This was sufficient to trigger the 30-day removal period.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Doc. No. 6) is **GRANTED**. The Clerk is directed to remand this case to state court and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of January, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record